# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 03-5327**                                                          **September Term, 2003**

**01cv02573**

**Filed On: May 13, 2004** [822085]

Serguie Antonenko, et al.,
    Appellants

v.

Department of State, et al.,
    Appellees

**BEFORE**:    Edwards, Sentelle, and Randolph, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly concluded that appellants were not entitled to a writ of mandamus compelling appellees to forward appellants' visa petitions and signature specimens to a federal document forensics laboratory for analysis, because appellees had no clear, nondiscretionary duty to do so. See 13th Regional Corp. v. U.S. Dep't of Interior, 654 F.2d 758, 760 (D.C. Cir. 1980) ("[M]andamus will issue only where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.") (internal quotation marks omitted). In addition, to the extent the complaint challenged the decisions of consular officers to deny appellants visas, the district court correctly concluded the complaint was barred by the doctrine of consular nonreviewability. See Saavedra Bruno v. Albright, 197 F.3d 1153, 1159 (D.C. Cir.1999) ("a consular official's decision to issue or withhold a visa is not subject to judicial review"). Finally, to the extent the complaint challenged the validity of a Department of State guideline authorizing consular officers to determine whether visa applicants had signed their petitions in the usual manner, the claim is moot. The requirement that applicants sign their visa petitions has been eliminated for fiscal year 2005, see 22 C.F.R. § 42.33 (2004); 68 Fed. Reg. 51627-02 (Aug. 27, 2003), and appellants do not allege they have submitted visa petitions for fiscal year 2004, the last year the signature requirement is in effect. Thus, because a declaration that the guideline is invalid will have no effect on appellants' rights, the claim is moot. See 21st

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 03-5327**                                                    **September Term, 2003**

Century Telesis Joint Venture v. FCC, 318 F.3d 192, 198 (D.C. Cir. 2003) (matter is moot and court must refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future").

　　Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**